# Harris v. Brooks.

*Statutory Action to recover Money lost by Gaming.*

1. *Who may maintain action.*—If the husband loses money by gaming, he may maintain a statutory action to recover it in his own name (Rev. Code, § 1874), although it belonged to the *corpus* of his wife's statutory separate estate.

2. *Mobile Charitable Association; validity of charter.*—The act establishing the so-called Mobile Charitable Association having been declared unconstitutional and void by this court, it can not be set up in defense of an action against one of its agents, to recover money won by him at a gaming table carried on under its authority.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JAMES E. COBB.

This action was brought by Charles Brooks, against James Harris, to recover the sum of $235 alleged to have been won from the plaintiff by the defendant, within six months before the commencement of the action; and was commenced by attachment, sued out on the 23d February, 1870. The complaint contained a special count on the statute (Revised Code, § 1874), and the common count for money had and received. The defendant pleaded the general issue, "in short by consent, with leave to give in evidence any defense that might be specially pleaded;" and issue was joined on this plea. On the trial, as the bill of exceptions shows, the plaintiff having testified to the loss of his money at a gaming table, or wheel, kept by the defendant, in Opelika in said county, the defendant offered to prove that the money belonged to the plaintiff's wife, and was a part of the *corpus* of her statutory separate estate; which evidence the court excluded, and the defendant excepted. "The defendant introduced several witnesses, who testified to the mode of conducting the game at which the money sued for was lost, as follows: The roulette wheel, at which the playing occurred, was a revolving circular table, with a number of holes inserted therein, each of which was numbered. This wheel was revolved in one direction, and at the same time a ball was thrown, revolving upon and inside of said wheel, in the opposite direction. When the ball settled down in any one of the holes, the number attached to that hole was entitled to the prize, which was paid in money to the person holding the ticket corresponding with said number. None of the

witnesses were present when the plaintiff lost his money, and knew nothing of the particular game at which the money was lost; but they proved that the foregoing was the usual mode of conducting the wheel kept by the defendant in Opelika, and that said defendant, in conducting said game, and running said wheel, was the agent and representative of the *Mobile Charitable Association.* The defendant offered to prove, that said wheel was conducted in accordance with instructions from said company; but the court refused to permit said proof to be made, and the defendant excepted. The defendant offered in evidence, also, an act of the legislature of Alabama, approved December 31st, 1868, entitled 'An act to establish the Mobile Charitable Association, for the benefit of the common school fund of Mobile county, without distinction of color;' but the plaintiff objected to the introduction of said act as evidence, and the court sustained the objection; to which the defendant excepted. This being all the evidence, the court charged the jury, on the written request of the plaintiff, that they must find for the plaintiff, if they believed the evidence; to which charge the defendant excepted." The charge of the court, and its several rulings on the evidence, as above stated, are now assigned as error.

Geo. W. Gunn, with whom were S. F. Rice, and John M. Chilton, for appellant.— If the money sued for belonged to the *corpus* of the wife's statutory separate estate, she was a necessary party plaintiff.—Rev. Code, § 2525.; *Laird v. Moore,* 27 Ala. 326; *Samuel v. Ainsworth,* 13 Ala. 366; *Pickens v. Oliver,* 29 Ala. 528. The transaction between the plaintiff and defendant occurred before the passage of the act repealing the charter of the *Mobile Charitable Association,* and while the validity of its charter was sustained by the decision of this court.—*Manaway v. The State,* 44 Ala. 375. Subsequent legislation and judicial decision can not make that unlawful which was lawful when done, nor give a right of action on account of it.

W. H. Barnes, *contra.*—The statute gives the right of action to the loser.—Rev. Code, § 1874; *Davis v. Orme,* 36 Ala. 545. Besides, a bailee can always maintain an action, when there is a liability over to his bailor.—*Wood v. Duncan,* 9 Porter, 227; *Hare v. Fuller,* 7 Ala. 717; *Cox v. Easley,* 11 Ala. 369; *Shackleford v. Wood,* 3 Ala. 37; *Ivey v. Phifer,* 11 Ala. 535; *Taylor v. Marshall,* 11 Ala. 460. The manner in which the gaming was carried on, as disclosed by the evidence, shows that the defendant could not shelter himself behind the act

[Treadway v. Treadway's Executors.]

of the legislature.—*Aicardi v. The State*, 19 Wallace, 635; *Mayor of Mobile v. Moses el al.*, 48 Ala. 129.

MANNING, J.—Under the statute (Rev. Code, § 1874), " any person who has paid any money, or delivered anything of value, lost upon any game or wager, may recover such money, thing, or its value, by action commenced within six months from the time of such payment or delivery." In this case, the game at which the money was lost and paid by appellee to appellant was roulette, and all the facts necessary to entitle plaintiff to recover were fully proved. The circumstance that the money belonged, if it did belong, to the separate estate of appellee's wife, in no way affected his right to recover. Would such a question have been made in a case of this kind, if it had been the money of his employer, with which he had been intrusted? As bailee, or trustee, he would have sufficient title to enable him to maintain the action.

2. The act of the "reconstruction legislature," of 1868, which was offered to show a legal right in defendant, as the agent of the so-called *Mobile Charitable Association*, to carry on gambling openly as a lawful occupation, has been adjudged to be void, because . passed in violation of certain clauses of the constitution. It was properly excluded from the jury.

Let the judgment of the Circuit Court be affirmed.